## Garrett Volunteer Fire Department's License

*Leland W. Walker*, for appellant.

*E. Simmons*, Deputy Attorney General, for Pennsylvania Liquor Control Board.

BOOSE, P. J., November 28, 1942.—This is an appeal by the Garrett Volunteer Fire Department, a nonprofit corporation, from an order of the Pennsylvania Liquor

Control Board refusing the appellant's application for a retail beverage club license.

The reasons set forth in the opinion of the board upon which said order is based are: (1) The quota for the Borough of Garrett is filled. Therefore, the board is prohibited by the Act of June 24, 1939, P. L. 806, from issuing any new licenses, except hotel, for this municipality; and (2) the premises for which a license is desired are owned by the Borough of Garrett. These reasons will be considered in their order.

1. The lower courts are hopelessly divided upon the question whether the Act of June 24, 1939, P. L. 806, commonly referred to as the "Quota Act", restricts the issuing of further club licenses where the quota established by said act has been filled. It could serve no useful purpose to cite all the conflicting decisions upon this question. Numerically, however, it is believed that the weight of authority is to the effect that said act has no application, and does not restrict the granting of a club license which would exceed the quota prescribed by the act. Following the weight of authority, we have heretofore held that the Quota Act does not prohibit the granting of a club license even though the quota prescribed by the act is thereby exceeded. For the purpose of disposing of this appeal, we shall adhere to said ruling, and conclude that this afforded no legal or valid reason for the board's refusal of the appellant's application for a retail beverage club license.

2. The second reason assigned for the refusal of said license is that the premises for which a license is desired are owned by the Borough of Garrett. This reason is without merit. There is no provision in the amended Beverage License Law of June 16, 1937, P. L. 1827, which requires that the applicant for a retail beverage license shall own the premises sought to be licensed. It is a matter of general knowledge that most licensed

premises are not owned by the licensees, but are occupied under leases from the owners of the premises. From the deed recorded it appears that on December 27, 1941, the Garrett Volunteer Fire Department conveyed the premises in question to the Borough of Garrett to enable the latter to obtain a loan or grant from a Federal agency for the purpose of erecting a municipal building thereon; and on the same day said borough executed and delivered a 99-year lease to the fire department. While the naked legal title is vested in the borough, the fire department has the beneficial use and enjoyment of the portion of the building occupied by the fire department. We know of no law which prohibits a municipality from renting part of a municipally-owned building to its volunteer fire department. The appellant's corporate purpose set forth in its charter, as amended, is "for the prevention of fires, the extinguishment of fires, the protection of persons and property against loss of life or injury and destruction of property in the Borough of Garrett, Pa., and vicinity, and for these purposes to have, own and possess all equipment, property and apparatus necessary therefor, and to promote social intercourse and friendship among volunteer firemen, their friends and benefactors, and for that purpose to maintain a club, including canteen and restaurant facilities, and to acquire, hold, lease or otherwise to own or dispose of such real or personal property as may be necessary to effectuate said social purposes". There can be no question that the appellant is a "club" within the meaning of the term as defined by the Beverage License Law of 1937, as amended by the Act of July 24, 1941, P. L. 480; and that the premises proposed to be licensed and the applicant meet all the requirements of the law and the regulations of the board.

Upon the hearing and argument of this appeal, counsel for the Liquor Control Board advanced a third rea-

son for refusing the appellant's application for a club license; and that is this: That it is the policy of the board not to grant club licenses to volunteer fire departments. Assuming, as we do, that this statement correctly reflects the policy of the board, it raises the question whether this licensing body may, in the exercise of the discretion conferred upon it by statute, formulate and adopt such a policy. The amended Beverage License Law of June 16, 1937, P. L. 1827, sec. 6, provides as follows:

"Subject to the restrictions hereinafter provided in this act, and upon being satisfied of the truth of the statements in the application that the premises and the applicant meet all the requirements of this act and the regulations of the board, that the applicant seeks a license for a reputable hotel, eating place or club, as defined in this act, the board shall, in the case of a hotel or eating place, grant and issue, and, in the case of a club, may, in its absolute discretion, grant and issue, to the applicant a retail dispenser's license."

It is quite apparent that there is a clear distinction between hotels and eating places on the one hand, and clubs on the other; and it is provided that upon being satisfied that the applicant meets all the requirements the board shall, in the case of a hotel or eating place, grant and issue, and, in the case of a club, may in its absolute discretion, grant and issue a license. In the one case the duty is mandatory; in the other it is discretionary: In re Liquor License of Independent Citizens' Club, 32 Berks 42. While the board is clothed with absolute discretion in granting or refusing a club license, this is not an arbitrary discretion to be exercised without any lawful reason; otherwise it would have been futile to provide for an appeal to the courts of quarter sessions. The question here involved is whether the board abused its discretion in refusing the appel-

lant's application for a beverage club license. If there was no abuse of discretion, the order of the board refusing to grant and issue said license should be sustained: In re Liquor License of Independent Citizens' Club, 32 Berks 42; In re Appeal of Boyle, 34 Luz. 457. On the other hand, if there was an abuse of discretion, the appeal should be sustained and an order issued directing that said license be issued: In re Liquor License of Strausstown Rod ·and Gun Club, 32 Berks 45; In re Liquor License of Sterling Athletic Club, 32 Berks 46.

As above stated, there is no merit to the reasons assigned by ·the board for the refusal of the appellant's application for a beverage club license. If said license was refused for the undisclosed reason that it was against the policy of the board to grant and issue a club license to a volunteer fire department, it was· beyond the discretionary power of the board, and such action must, therefore, be regarded as arbitrary and capricious. The wisdom of granting beverage or liquor club licenses to volunteer fire departments may not be beyond question, but this is a matter of policy or expediency for the legislature alone: Commonwealth v. Stofchek, 322 Pa. 513. Neither the board nor the courts have power to determine this policy. We are reliably informed that a number of club licenses have been issued throughout the State; and our attention has been called to granting of a club liquor license to a volunteer fire company in this county. If this information is correct, then the action of the board in refusing the present application for a club beverage license is arbitrary, capricious, discriminatory, and an abuse of discretion. Accordingly we make the following

### Order

And now, November 28, 1942, the appeal is sustained, and it is ordered and directed that a license be issued to the applicant in the manner provided by law.